IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| SEAN ANTHONY McGUIRK, | : | |
| Debtor. | : | CASE NO: 08-76179-jb |
| _____ | : | |

OBJECTION TO TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL THE ESTATE'S INTEREST IN ANY AND ALL CAUSES OF ACTION INCLUDING BUT NOT LIMITED TO ALL FRAUDULENT CONVEYANCE CLAIMS, CLAIMS TO RECOVER ACCOUNTS RECEIVABLE, PREFERENCE CLAIMS AND CLAIMS TO RECOVER UNAUTHORIZED POST-PETITION TRANSFERS FREE AND CLEAR OF ALL LIENS AND OTHER ENCUMBRANCES

COMES NOW Sean Anthony McGuirk, debtor herein, and objects to the proposed sale and respectfully shows the Court as follows:

1.

Trustee stated in his motion that: "to the best of Trustee's information and belief, Purchaser has no known affiliation or relationship to the trustee, **the debtor**, **any creditor** or party in interest, or their attorney or accountant, or to any person employed by the United States Trustee."

This is not accurate inasmuch as Purchaser is a current creditor of debtor by virtue of Purchaser's acquisition of a second mortgage while the subject property was in foreclosure. Additionally, the purchaser has filed an adversary proceeding against the Debtor, same being Case No. 09-06048.

2.

Debtor has no objection to the sale of the two accounts receivable, so long as it is understood by all parties that the debtor, who suffers from mental illness (schizophrenia) will not be required by the Court or the Purchaser to participate or assist in any collection attempts.

3.

Debtor specifically objects to the sale of the non-existent preference claims, the non-existent unauthorized post-petition transfers and non-existent fraudulent conveyance claims.

Each of these claims arise from either the payment by the Debtor to his Ex-wife of Court Ordered child support payments, or from the transfer of the marital residential property subject to the divorce settlement agreement. The parties divorced as a direct result of the onset of the Debtor's serious mental illness.

4.

The Purchaser has filed a Complaint under §11 U.S.C. 727 against the debtor. Should the Debtor ultimately procure his general discharge, the Purchaser will lose standing to proceed against the Debtor, as intended under Federal Bankruptcy Law.

WHEREFORE, Defendant prays that this Motion be denied, that all costs be cast upon Plaintiff, and for such other and further relief as is just and proper.

This 15th day of June, 2009.

/s/_____
Debra L. McLean
Georgia Bar No. 496845

1800 Century Blvd.
Suite 1150
Atlanta, GA 30345
(404) 633-4200

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                                              :        CHAPTER 7
                                                    :
SEAN ANTHONY McGUIRK,                               :
    Debtor.                                         :        CASE NO: 08-76179-jb
_____ :

CERTIFICATE OF SERVICE

      I, Debra McLean, do hereby certify that I served a copy of the forgoing to the parties listed below by depositing copies of the same in the U.S. Mail with sufficient postage affixed thereto:

William J. Layng, Jr.
Chapter 7 Trustee
Pendergast & Jones, P.C.
South Terraces, Suite 1000
115 Perimeter Center Place
Atlanta, GA 30346

Office of the United States Trustee
362 United States Courthouse
75 Spring Street
Atlanta, GA 30303

Cadles of Grassy Meadows II, L.L.C.
100 North Center Street
Newton Falls, OH 44444

      This 15th day of June, 2009.

                                      /s/_____
                                      Debra L. McLean
                                      Georgia Bar No. 496845

1800 Century Blvd.
Suite 1150
Atlanta, GA 30345
(404) 633-4200